## STATE *v.* SALVADOR PRATS.

The object of the statute of 21st March, 1850, entitled "An Act to provide for the assessment and collection of taxes in this State," was merely to prescribe the mode of assessing and collecting the State taxes, and the sections referred to (42, 43, 44, 45 and 78) do not even by remote implication repeal the Act which made it a penal offence to keep a grogshop in New Orleans without a previous license from the city corporation.

The Consolidation Act of 23d February, 1832, and the amendment thereto of the 15th April, 1853, are entirely consistent with the law of 1832 requiring a previous license to keep a grogshop.

A fair construction of the Act of March 16th, 1854, leads to the conclusion, that to legalize the keeping of a grogshop a previous license cannot be dispensed with, even by the Police Juries and municipal authorities, and that licences are still essential to the toleration of such houses.

The City of New Orleans had, previous to this information, instituted civil proceedings against the defendant in the Fifth District Court, for the purpose of collecting the amount of the tax required for his license and a certain penalty imposed by the city ordinance. The record of these civil proceedings was adduced in evidence by the defendant, on the trial of the information. The burden of the Judge's charge, to which the defendant excepted, was, that these civil proceedings should be disregarded by the jury in determining the guilt or innocence of the accused, upon the criminal trial, and that the fact of the civil suit being instituted by the city did not amount to a license or the recognition of the granting of a license. *Held:* That it was properly a question of law whether the suit amounted to a license or the recognition of a license?

The law, once broken, has power to vindicate its majesty in the punishment of the offender, although by repentance and civil reparation he has done his utmost to atone for his fault.

The offender may be morally innocent, so far as to misunderstand or not even to know the law he violates, and yet it is necessary for the interest of society that he should not be permitted to set up that as an excuse.

APPEAL from the First District Court of New Orleans, *Robertson,* J. *Tappan,* District Attorney, for the State. *Roselius, Collens* and *T. H. Clack,* for defendant and appellant.

SPOFFORD, J. Under an information filed by the District Attorney in the First District Court of New Orleans, *Salvador Prats* was found guilty of having kept a grogshop and retailed spirituous and intoxicating liquors without previously obtaining a license from the city corporation of New Orleans.

He was sentenced to pay a fine of $305 and costs, and thereupon appealed to this court.

The information was based upon the 7th section of the Act of April 2d, 1832, (Sess. Acts, p. 166,) entitled "An Act more effectually to prevent slaves from obtaining spirituous and intoxicating liquors without the consent of their masters."

99

I. In support of a demurrer to the information filed and overruled in the court below, the appellant contends that the 7th section of the law of 1832, upon which this proceeding is grounded, has been repealed:

First, by the Act of 21st March, 1850, entitled " An Act to provide for the assessment and collection of taxes in this State." (Sess. Acts, p. 132.) The object of that statute was merely to prescribe the mode of assessing and collecting the State taxes, and the sections referred to, do not, even by remote implication, repeal the Act which makes it a penal offence to keep a grogshop in New Orleans without a previous license from the City Corporation. See sections 42, 43, 44, 45 and 78.

Secondly, such a repeal cannot be inferred from the 35th section of the Consolidation Act of February 23d, 1852, (Sess. Acts, p. 52,) or the amendment thereto of the 13th April, 1853. (Sess. Acts, p. 86.) The last named Acts are entirely consistent with the law requiring a previous license to keep a grogshop.

Thirdly, it is said that this law was repealed by the Act of March 16th, 1854, " concerning the licensing of drinking-houses and the sale of intoxicating liquors n this State." (Sess. Acts, p. 154.) But a fair construction of the latter Act leads to the conclusion that, to legalize the keeping of a grogshop, a previous license cannot be dispensed with, even by the Police Juries and municipal authorities, upon whom such extensive powers have been conferred by the Act. Both the title and the body of this Act seem to contemplate licenses as still essential to the toleration of such houses. These licenses may be withheld altogether, or granted upon such terms and under such regulations as the parochial and municipal authorities may impose, after consulting the popular will. But it is nowhere intimated that a power to repeal the 7th section of the Act of April 2d, 1832, is delegated to the parishes and city corporations, nor does the repeal of that section appear to us to follow, by clear and cogent implication, from the provisions of the Act of March 16th, 1854.

It may be worthy of remark that this section is also retained as the subsisting law, without material change, in the 94th section of the Act of March 14th, 1855, " relative to crimes and offences." (Sess. Acts, p. 143.)

Whether the city ordinances of New Orleans ordaining penalties and restraint of the same offence are legal, is quite another question. We will investigate that when a proper case arises.

As we do not find the law under which the State has proceeded against the defendant to have been repealed, we turn to the other branch of his defence.

II. A bill of exceptions was tendered to the charge of the Judge to the jury.

It seems that the City of New Orleans had, previous to this information, instituted civil proceedings against the defendant in the Fifth District Court, for the purpose of collecting the amount of the tax required for his license and a certain penalty imposed by the city ordinances. The petition contained an averment that the defendant was pursuing the business of a coffee-house keeper, in defiance of law, without a previous license. The defendant resisted the demand on various grounds, declaring, among other things, that the tax was illegal and unconstitutional.

The record of these civil proceedings was adduced in evidence by the defendant on the trial of the information.

The burden of the Judge's charge, to which the defendant excepted, was, that these civil proceedings should be disregarded by the jury in determining the

guilt or innocence of the accused upon the criminal trial, and that the fact of the civil suit being instituted by the city did not amount to a license, or the recognition of the granting of a license.

It is objected, that the charge encroached upon that field of facts which is forbidden ground to a Judge. We think not. It was purely a question of law whether the suit amounted to a license or the recognition of a license.

But it is said that, taking it to be a question of law, the District Judge decided it erroneously. We think not. If it was a penal offence against the State, as we have already said it was, for the defendant to keep a grogshop without a previous license, the course of the City of New Orleans in suing him for the civil consequences of his acts, did not purge them of their criminality. If he had even settled with the city, instead of resisting her demands, that would not have wiped out his past guilt. The law once broken, has power to vindicate its majesty in the punishment of the offender, although by repentance and civil reparation, he has done his utmost to atone for his fault. The argument that the suit for the price of a license imports a license, entirely overlooks the criminal character affixed by the law to the retailing of spirituous liquors without previous licenses.

But it is said that the jury should have been suffered to consider the civil proceedings, in order to solve the question of guilty intent, without which, it is contended, there was no offence. We think differently. The offence here charged is *malum prohibitum*. A particular intent is not of its essence. The offender may be morally innocent, so far as to misunderstand or not even to know the law he violates, and yet it is necessary for the interest of society that he should not set up that as an excuse.

With the District Judge, we think the only question was, Did the defendant do the acts charged in the information without a previous license from the city corporation? The jury answered the question in the affirmative, and we see no good reason to disturb the judgment rendered upon the verdict.

It is therefore affirmed, with costs.